# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **BARNARD CONSTRUCTION COMPANY, INC.,** | § § § | |
| *Plaintiff,* | § § | **CIVIL ACTION NO. 4:20-cv-03569** |
| v. | § § § | |
| **JACOBS ENGINEERING GROUP, INC.,** *et al.* | § § § | **HON. GEORGE C. HANKS** |
| *Defendants.* | | |

## PLAINTIFF'S MOTION FOR ENTRY OF A THIRD AMENDED DOCKET CONTROL ORDER

Plaintiff, BARNARD CONSTRUCTION COMPANY, INC. files this Motion for Entry of a Third Amended Docket Control Order.

### ARGUMENT AND AUTHORITIES

1.  On February 26, 2021, Judge Edison entered a Docket Control Order with a trial date of May / June 2022. On August 2, 2020, the Court entered the Second Amended Docket Control order that extended certain interim dates but maintained the original trial date. Since then, the parties mediated their claims on September 29 and 30. With the exception of the agreed exchange of information in support of ADR and the production of documents by Barnard already in progress, the parties agreed to stay further electronic discovery related to custodians identified

1

in the parties' May 6, 2021 ESI Stipulation (Dkt. 43) until the conclusion of the September 2021 ADR proceeding.

2. Upon the unsuccessful completion of the mediation, the parties commenced electronic discovery. The electronic discovery process extended through November 2021. In fact, Barnard made its last production on November 26, 2021, and HWT completed its production on November 30, 2021. Barnard produced over 500,000 pages of documents and HWT produced approximately the same. The completion of electronic discovery was necessary prior to scheduling depositions. There is not sufficient time between now and the scheduled trial date for discovery to be accomplished and pre-hearing activities to be completed.

3. This case is a complex construction dispute evolving from the installation of a water pipeline from Lake Houston to a treatment plant, performed on behalf of the City of Houston. Plaintiff Barnard is seeking some $16 Million in damages resulting from project delays, disruption to labor flow, unpaid contract balances and unpaid extra work. HWT is seeking to recover some $2.5 Million in liquidated damages. The presentation of the case will involve multiple experts supporting both sides. The timing of the development of expert opinions and reports is at the crux of this request.

4. On November 20, 2021, the parties discussed modifying the expert designation deadline to occur after fact witness depositions have occurred. Barnard

proposed that expert reporting be deferred until the bulk of the fact witness depositions have occurred, so that the experts for both sides have the broadest possible understanding of the facts and circumstances underlying their opinions. The proposed DCO accomplishes this. *See Exhibit 1*. Counsel for the parties acknowledge that depositions cannot commence until mid-January and likely with stretch into February. Counsel for Defendants agreed that it is preferable to issue expert reports after fact depositions. Counsel recognized that would not be possible under the current pretrial deadlines and stated there would need to be a request for a continuance of the trial setting. See email attached as *Exhibit 2*. Now, Defendants have agreed to extend the expert designation deadlines to January 7 for Plaintiff and February 4 for Defendants, but they oppose a trial continuance.

5. Barnard seeks to continue the trial date to October 2022. Accordingly, Barnard requests a modification of the Docket Control Order to accommodate the schedule as set out in the Third Amended Docket Control Order. Barnard seeks a trial continuance for the first time. This Motion is not made for the purposes of delay but so that Barnard and HWT may meaningfully participate in the pre-trial process.

## PRAYER

Plaintiff requests this Court grant its Motion for Entry of a Third Amended Docket Control Order and that the Court enter the proposed Third Amended Docket Control Order attached to this Motion as *Exhibit 1*.

| | |
|---|---|
| Dated: December 1, 2021<br><br>Respectfully submitted,<br><br>PECKAR & ABRAMSON, P.C.<br><br>*/s/ George C. Baldwin*<br>  GEORGE C. BALDWIN<br>  Texas Bar No. 01625020<br>  gbaldwin@pecklaw.com<br>  111 Congress Avenue, Suite 1010<br>  Austin, TX 78701<br>  Telephone: 512/236-0009<br><br>Timothy Rothberg<br>3050 Post Oak Boulevard, Suite 500<br>Houston, Texas 77056<br>Texas Bar No. 24060525<br>Telephone No.: 713/568-1500<br>Facsimile No.: 713/568-1490<br>Email: trothberg@pecklaw.com<br><br>**ATTORNEY FOR BARNARD CONSTRUCTION COMPANY, INC. AND COUNTER-DEFENDANT SURETIES.** | |

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 30, 2021 I conferred with Tiffany Raush, counsel for Defendants, regarding this Motion. Defendants agree to the extension of the parties' deadline to designate experts, however, Defendants are opposed to a continuance of the trial setting.

_____
George C. Baldwin

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record, as follows, in accordance with the Federal Rules of Civil Procedure, on this 1st day of December, 2021

Tiffany C. Raush
Neal J. Sweeney
JONES WALKER LLP
811 Main Street, Suite 2900
Houston, Texas 77002
traush@joneswalker.com
nsweeney@joneswalker.com

Penn C. Huston
Jeffrey R. Elkin
MOUERHUSTON PLLC
349 Heights Blvd.
Houston, Texas 77007
phuston@mouerhuston.com
jelkin@mouerhuston.com

Kara Stauffer
ALVAREZ BREMER STAUFFER
815 Walker St., Suite 1450
Houston, Texas 77002
kara.stauffer@asb-lawfirm.com

Timothy A. Rothberg

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| **BARNARD CONSTRUCTION COMPANY, INC.,** | § § § | |
| *Plaintiff,* | § § § | **CIVIL ACTION NO. 4:20-cv-03569** |
| v. | § § § | |
| **JACOBS ENGINEERING GROUP, INC.,** *et al.* | § § § | **HON. GEORGE C. HANKS** |
| *Defendants.* | | |

## THIRD AMENDED DOCKET CONTROL ORDER

This case will be controlled by the following schedule.

### DEADLINES

1. **March 12, 2021**     **DEADLINE TO AMEND PLEADINGS.** Parties may amend pleadings by this date without leave of court. If Plaintiff(s) file(s) an Amended Complaint by this date, Defendant(s) may file a responsive pleading in accordance with Fed. R. Civ. P. 15(a)(3). After expiration of this deadline, a party seeking to amend pleadings must file a motion for leave demonstrating both good cause and excusable neglect in accordance with Fed. R. Civ. P. 6(b)(1)(B).

2. **March 12, 2021**     **DEADLINE TO ADD NEW PARTIES.** Unless a case has been removed from state court, new parties may be added by this date without leave of court. After expiration of this deadline, a party seeking to add a new party must file a motion for leave demonstrating both good cause and excusable neglect in accordance with Fed. R. Civ. P. 5(b)(1)(B). The attorney causing the addition of new parties will provide copies of this order and all orders previously entered in the case to new parties. **Note:** If a case has been removed from state court, a motion for leave must be filed seeking a permission to add new parties.

#4508902v1

| | | |
|---|---|---|
| 3. | **April 29, 2022** | Identification of plaintiff's experts and production of experts' reports in the form required by Fed. R. Civ. P. 26(a)(2)(B). |
| 4. | **May 31, 2022** | Identification of defendant's experts and production of experts' reports in the form required by Fed. R. Civ. P. 26(a)(2)(B). |
| 5. | **July 28, 2022** | **COMPLETION OF DISCOVERY.** Written discovery requests are not timely if they are filed so close to this deadline that the recipient would not be required under the Federal Rules of Civil Procedure to respond until after the deadline. |
| 6. | **N/A** | **LIMITS ON DISCOVERY.** |
| 7. | **July 28, 2022** | **DISPOSITIVE MOTIONS.** Parties wishing to file dispositive motions must still follow the pre-motion conference requirements set forth in Section 6 of the local court procedures utilized by Judge Hanks. |
| 8. | **August 11, 2022** | **ALL OTHER PRETRIAL MOTIONS** |
| 9. | **September 1, 2022** | **JOINT PRETRIAL ORDER AND MOTIONS IN LIMINE.** Plaintiff is responsible for timely filing the complete joint pretrial order. All information is to comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(3). All parties are directed to read the Court's Procedures regarding required trial documents and procedure. |
| 10. | **September 8, 2022** | **DOCKET CALL is set at 3:00 p.m.** Other than as set out in the Court's Procedures no pleading or document filed within seven days of docket call will be considered by the Court. Any pending motions may be ruled on a docket call, the case will be set for trial, and further pretrial orders may be issued. |
| 11. | **October 2022** | **JURY / BENCH TRIAL.** Case is subject to being called to trial on short notice during this month<br><br>Estimated Trial Time: 5 days. |

Signed in Houston, Texas this _____ day of _____, 2021.

                                                               _____
                                                               GEORGE C. HANKS
                                                               UNITED STATES DISTRICT JUDGE

# EXHIBIT 2

**Baldwin, George C.**

| | |
|---|---|
| **From:** | Raush, Tiffany <traush@joneswalker.com> |
| **Sent:** | Saturday, November 20, 2021 7:08 AM |
| **To:** | Baldwin, George C. |
| **Cc:** | Sweeney, Neal |
| **Subject:** | HWT/Barnard: Need to Finalize Depositions and Expert Reports Before Thanksgiving |
| **Attachments:** | HWT-Barnard - Parties Agreed Dep Schedule (HWT Proposed 11-19-21).DOCX |
| **Importance:** | High |

George,

In follow-up to our discussion last week, attached is HWT's proposed deposition schedule in calendar form for ease of reference. I'm sure you agree **we need to finalize agreement on this and the expert reports this week before the Thanksgiving break.**

1. **All fact witness depositions of party-controlled witnesses in January on a double-track.**
    a. We will have to double track with one Barnard and one HWT witness per day to get these done in January. HWT is prepared to do that.
    b. I have the previously identified witnesses already in here as a placeholder only. I have not yet confirmed the availability of the HWT witnesses for any date outside of the reserved weeks the parties previously agreed to.

2. **Deadlines for identifying remaining witnesses and finalizing schedule**
    a. Each side has identified four witnesses already. Let's get their dates **SET** and **NOTICED** this week.
    b. By **December 3**, each side will identify the rest of the fact witnesses it wants to depose.
    c. By **December 10**, the parties **FINALIZE** the deposition schedule with the remaining fact witnesses.

3. **What does Barnard propose for its request to move expert report deadlines?**
    a. In principle, we agree that it is preferable to issue expert reports after fact witness depositions as you have suggested.
    b. I don't see how that is possible under this current pretrial schedule.
    c. If Barnard wants to hold expert reports until after fact witnesses, I think there needs to be a request for a continuance of the trial setting.
    d. If Barnard just wants a short extension of the deadlines, we are open to that as previously discussed.
    e. **The main thing is we have to get this sorted out this week.**

1

I am in the office next week through Wednesday. If we need to discuss, I can.

Thanks,

**Tiffany Raush**
Partner
D: 713.437.1848   |   M: 813.802.9763
TRaush@joneswalker.com





Jones Walker LLP
811 Main St, Ste 2900
Houston, TX 77002
**joneswalker.com**

2