IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BARNARD CONSTRUCTION COMPANY, INC.,** § § § | | |
| *Plaintiff*, § § | CIVIL ACTION NO. 4:20-cv-03569 | |
| v. § § | | |
| **JACOBS ENGINEERING GROUP, INC., CDM CONSTRUCTORS, INC., HOUSTON WATERWORKS TEAM, FIDELITY AND DEPOSIT INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY, and CH2M HILL ENGINEERS INC.** § § § § § § § § § | | |
| *Defendants*. § | | |

**DEFENDANTS FIDELITY AND DEPOSIT COMPANY OF MARYLAND, FEDERAL INSURANCE COMPANY, AND BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES AGAINST BARNARD CONSTRUCTION COMPANY, INC.**

Defendants Fidelity and Deposit Company of Maryland, Federal Insurance Company, and Berkshire Hathaway Specialty Insurance Company (hereinafter "Surety Defendants") file their answer and affirmative defenses to Plaintiff's Second Amended Complaint [Dkt. 58] as follows:

## ANSWER

### RESPONSE TO THE ALLEGATIONS

Responding to the individually numbered paragraphs of Barnard Construction Company, Inc.'s ("Barnard") Second Amended Complaint ("Amended Complaint"), Surety Defendants admit, deny, and aver as set forth below.  Any allegation not specifically admitted is denied.

1

### A. INTRODUCTION

1. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in the first through fourth sentences and sixth through seventh sentences of paragraph 1. In response to the fifth sentence of paragraph 1, Surety Defendants aver the performance and payment bonds speak for themselves.[1] Surety Defendants deny the remaining allegations in paragraph 1.

2. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations paragraph 2.

### B. PARTIES

3. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 3.

4. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 4, except the Surety Defendants admit the party has appeared and answered in this case.

5. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 5, except the Surety Defendants admit the party has appeared and answered in this case.

6. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 6, except the Surety Defendants admit the party has appeared and answered in this case. Further answering, paragraph 6 contains legal conclusions to which no answer is required; however, to the extent an answer is necessary, Surety

---

[1] In response to Plaintiff's footnote 1, Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in footnote 1.

Defendants deny the allegations.

7. Surety Defendants admit the allegations in paragraph 7, except the allegation regarding the state of organization of Defendant Fidelity and Deposit Company of Maryland. Surety Defendants aver that Defendant Fidelity and Deposit Company of Maryland is organized under the laws of the State of Illinois.

8. Surety Defendants admit the allegations in paragraph 8.

9. Surety Defendants admit the allegations in paragraph 9.

10. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 10.[2]

### C.   JURISDICTION AND VENUE

11. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in the first through fifth sentences and the ninth sentence in paragraph 11. Surety Defendants deny the allegation in the sixth sentence in paragraph 11 regarding the state of organization of Defendant Fidelity and Deposit Company of Maryland but admit the allegation regarding Defendant Fidelity and Deposit Company of Maryland's principal place of business. Surety Defendants admit the allegations in the seventh and eight sentences in paragraph 11. Further answering, paragraph 11 contains legal conclusions to which no answer is required; however, to the extent an answer is necessary, Surety Defendants deny the allegations. Surety Defendants deny the remaining allegations in paragraph 11.

12. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in the first through second sentences and the fourth through

---

[2] In response to Plaintiff's footnote 2, Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in footnote 2.

sixth sentences in paragraph 12. Surety Defendants admit the allegation in the third sentence in paragraph 12. Further answering, paragraph 6 contains legal conclusions to which no answer is required; however, to the extent an answer is necessary, Surety Defendants deny the allegations. Surety Defendants deny the remaining allegations in paragraph 12.

### D. FACTUAL BACKGROUND

13. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 13.

**Background of the Project**

14. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 14. Further answering, Surety Defendants respond that the Request for Proposal and referenced design documents speak for themselves.

15. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 15. Further answering, Surety Defendants respond that the referenced Proposal document speaks for itself.

16. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 16. Further answering, Surety Defendants respond that the referenced Notice of Selection document speaks for itself.

17. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 17.

18. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 18.[3] Further answering, Surety Defendants

---

[3] In response to Plaintiff's footnote 3, Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in footnote 3.

respond that the Subcontract speaks for itself.

19. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 19. Further answering, Surety Defendants respond that the Subcontract speaks for itself.

20. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 20. Further answering, Surety Defendants respond that the terms of the Subcontract and change order speak for themselves.

21. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 21.

**HWT's Changes and Project Delays**

22. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 22. Further answering, Surety Defendants respond that the referenced Addendum No. 3 speaks for itself.

23. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 23.

24. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 24. Further answering, Surety Defendants respond that the referenced Change Order 2 speaks for itself.

25. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 25.

**HWT's Response to Changes and Project Delays**

26. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 26.

27. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 27.

28. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 28.

29. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 29.

30. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 30.

31. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 31.

32. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 32.

**Impact of HWT's Misconduct**

33. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 33 (a) through (n).  Surety Defendants deny that Plaintiff is entitled to the relief requested in paragraph 33 (a) through (n).

34. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 34.

35. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 35.

E.  **CAUSES OF ACTION**

**Cause of Action No. 1: Breach of Contract**

36. Surety Defendants' responses in Paragraphs 1 through 35, inclusive, are re-stated and incorporated herein by this reference as though set forth in full herein.

37. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 37.

38. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 38. Surety Defendants deny that Plaintiff is entitled to the relief requested in paragraph 38.

**Cause of Action No. 2: Quantum Meruit and Unjust Enrichment**

39. Surety Defendants' responses in Paragraphs 1 through 35, inclusive, are re-stated and incorporated herein by this reference as though set forth in full herein.

40. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 40. Surety Defendants deny that Plaintiff is entitled to the relief requested in paragraph 40.

**Cause of Action No. 3: Promissory Estoppel**

41. Surety Defendants' responses in Paragraphs 1 through 35, inclusive, are re-stated and incorporated herein by this reference as though set forth in full herein.

42. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 42. Surety Defendants deny that Plaintiff is entitled to the relief requested in paragraph 42.

**Cause of Action No. 4: Violation of Texas Prompt Pay Act**

43. Surety Defendants' responses in Paragraphs 1 through 35, inclusive, are re-stated and incorporated herein by this reference as though set forth in full herein.

44. The first and fourth sentence of paragraph 44 contains legal conclusions to which no answer is required; however, to the extent an answer is necessary, Surety Defendants deny the allegations. Surety Defendants deny the allegations in the second and third sentences of paragraph 44. Surety Defendants deny that Plaintiff is entitled to the relief requested in paragraph 44. Surety Defendants deny the remainder of the allegations in paragraph 44.

**Cause of Action No. 5: Bond Claim**

45. Surety Defendants' responses in Paragraphs 1 through 35, inclusive, are re-stated and incorporated herein by this reference as though set forth in full herein.

46. In response to the allegations in the first through third sentences of paragraph 46, Surety Defendants aver the performance and payment bonds speak for themselves. The fourth sentence of paragraph 46 contains legal conclusions to which no answer is required; however, to the extent an answer is necessary, Surety Defendants deny the allegations. Surety Defendants deny the remainder of the allegations in paragraph 46.

47. The first, third, and fourth sentences of paragraph 47 contains legal conclusions to which no answer is required; however, to the extent an answer is necessary, Surety Defendants deny the allegations. Surety Defendants deny the allegations in the second sentence of paragraph 47. Surety Defendants deny that Plaintiff is entitled to the relief requested in paragraph 47. Further answering, Surety Defendants respond that the performance and payment bonds speak for themselves. Surety Defendants deny the remainder of the allegations in paragraph 47.

      F.      **REQUEST FOR DECLARATORY JUDGMENT**

48. Surety Defendants' responses in Paragraphs 1 through 35, inclusive, are re-stated and incorporated herein by this reference as though set forth in full herein.

49. Surety Defendants are without sufficient knowledge or information to form a belief as to the truth of Barnard's allegations in paragraph 49.

50. Paragraph 50 contains legal conclusions to which no answer is required; however, to the extent an answer is necessary, Surety Defendants deny the allegations. Surety Defendants deny that Plaintiff is entitled to the relief requested in paragraph 50.

51. Paragraph 51 contains legal conclusions to which no answer is required; however, to the extent an answer is necessary, Surety Defendants deny the allegations. Surety Defendants deny that Plaintiff is entitled to the relief requested in paragraph 51.

### G. ATTORNEY'S FEES, COSTS, AND INTEREST

52. Paragraph 52 contains legal conclusions to which no answer is required; however, to the extent an answer is necessary, Surety Defendants deny the allegations. Surety Defendants deny that Plaintiff is entitled to the relief requested in paragraph 52.

53. Surety Defendants deny that Plaintiff is entitled to the relief requested in paragraph 53.

54. Surety Defendants deny that Plaintiff is entitled to the relief requested in paragraph 54.

55. Surety Defendants deny the allegations of paragraph 55.

### H. JURY DEMAND

56. Surety Defendants are not required to respond.

### I. PRAYER FOR RELIEF

57. Surety Defendants deny that Barnard is entitled to any judgment, actual damages, declaratory judgement relief, attorney's fees, interest, costs, or recovery of any kind from any defendant.

## AFFIRMATIVE DEFENSES

The Surety Defendants continue to investigate the allegations set forth in Barnard's Second Amended Complaint. Surety Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may exist or in the future be available based on discovery and further factual investigation in this case. Surety Defendants provide notice that they intend to rely upon the defenses identified below and other such defenses as may become available by law, pursuant to statute, or discovery proceedings in this case. Surety Defendants assert, without assuming any burden of pleading or proof that would otherwise rest on Barnard, the following affirmative defenses.

### First Affirmative Defense

1. Surety Defendants allege that Plaintiff's Second Amended Complaint fails to state a claim on which relief may be granted.

### Second Affirmative Defense

2. Surety Defendants allege Barnard's claims asserted in the Second Amended Complaint are barred due to failures of conditions precedent, including but not limited to, Barnard's failure to provide written notice of alleged changes, claims for loss of production, or other alleged impacts on the project schedule in accordance with the Subcontract, and Barnard's failure to provide timely statutorily required notices for bond claims.

### Third Affirmative Defense

3. Surety Defendants allege Barnard's claims are barred in whole or in part by Barnard's material breach of the Subcontract.

### Fourth Affirmative Defense

4. Surety Defendants allege Barnard's claims are barred in whole or in part by waiver and release.

**Fifth Affirmative Defense**

5.	Surety Defendants allege Barnard's claims are barred in whole or in part by payment.

**Sixth Affirmative Defense**

6.	Surety Defendants allege Barnard's claims are barred in whole or in part by estoppel.

**Seventh Affirmative Defense**

7.	Surety Defendants allege Barnard's claims are barred in whole or in part by failure of consideration.

**Eighth Affirmative Defense**

8.	Surety Defendants allege Barnard's claims are barred in whole or in part by settlement and compromise and/or accord and satisfaction.

**Ninth Affirmative Defense**

9.	Surety Defendants allege that Defendants have not breached any legal or contractual duties owed to Barnard.

**Tenth Affirmative Defense**

10.	Surety Defendants allege that Barnard's claims are barred in whole or in part because Defendants are not the cause of any alleged harm to Barnard. Any alleged harm was caused by Barnard's own actions or inaction, or by a third-party of an intervening or superseding cause, and not by Defendants.

**Eleventh Affirmative Defense**

11.	Surety Defendants allege that Barnard did not exercise ordinary care, caution, and prudence in connection with the transactions and events alleged within the Second Amended

Complaint. Barnard is therefore entirely barred from recovery against Defendants, or alternatively, Barnard should have its recovery, if any, proportionally reduced by the comparative fault of Barnard, which was a cause of the alleged damages.

**Twelfth Affirmative Defense**

12. Surety Defendants allege that Defendants are entitled to set-off for all liquidated damages, back charges credits, and costs Barnard owes to HWT.

## PRAYER

WHEREFORE, Defendants Fidelity and Deposit Company of Maryland, Federal Insurance Company, and Berkshire Hathaway Specialty Insurance Company pray that Plaintiff take nothing by this action, and that Defendants recover such other and further relief, at law or in equity, to which Defendants may be justly entitled.

Dated: December 8, 2021.

    Respectfully submitted,

    **MOUER HUSTON PLLC**

    By: */s/ Penn C. Huston*
        Penn C. Huston
        Attorney-in-Charge
        S.D. Tex. ID No. 20542
        Texas State Bar No. 00796804
        phuston@mouerhuston.com
        Jeffrey R. Elkin
        S.D. Tex. ID No. 69592
        Texas State Bar No. 06522180
        jelkin@mouerhuston.com
        349 Heights Blvd.
        Houston, TX 77007
        Telephone (832) 410-4540
        Facsimile (832) 209-8158
        **ATTORNEYS FOR FIDELITY AND DEPOSIT COMPANY OF MARYLAND, FEDERAL INSURANCE COMPANY, AND BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that on December 8, 2021, a true and correct copy of the foregoing was served on all counsel of record via CM/ECF, as follows:

**PECKAR & ABRAMSON, P.C.**
George C. Baldwin
gbaldwin@pecklaw.com
111 Congress Avenue, Suite 1010
Austin, Texas 787101

Timothy A. Rothberg
trothberg@pecklaw.com
3050 Post Oak Blvd., Suite 500
Houston, Texas 77056

**ATTORNEYS FOR PLAINTIFF
BARNARD CONSTRUCTION COMPANY, INC.**

**JONES WALKER LLP**
Neal J. Sweeney
nsweeney@joneswalker.com
Tiffany C. Raush
traush@joneswalker.com
811 Main Street, Suite 2900
Houston, TX 77002

**ATTORNEYS FOR HOUSTON WATERWORKS
TEAM, JACOBS ENGINEERING GROUP, INC.,
CH2M HILL ENGINEERS, INC., AND
CDM CONSTRUCTORS, INC.**

**ALVAREZ BREMER STAUFFER PLLC**
Kara Stauffer
815 Walker St., Suite 1450
Houston, Texas 77002

**ATTORNEYS FOR COUNTER-PLAINTIFF
HOUSTONWATERWORKS TEAM
VERSUS BARNARD'S SURETIES**

>                         */s/ Penn C. Huston*
>                         Penn C. Huston

13